UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | §   CRIMINAL ACTION NO. H-03-235 |
| | §   CIVIL ACTION NO. H-11-3311 |
| EULALIO MORENO | § |

**OPINION AND ORDER**

Presently before the Court are Eulalio Medrono Moreno's ("Moreno") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 123) and Memorandum of Law in Support (Doc. 124); the Government's Response and Motion to Dismiss (Doc. 126); the Magistrate Judge's Memorandum and Recommendation (Doc. 129), recommending that Moreno's motion be denied; and Moreno's Objections (Doc. 130) to that recommendation. For the reasons explained below, after conducting a *de novo* review of Moreno's objections, the Court adopts the Magistrate Judge's Memorandum and Recommendation in full and denies and dismisses the § 2255 motion.

Moreno raises one overarching objection:

> that the Magistrate Judge[ ] … erred by deeming that the documentation on which the probation officer relied in preparing the [presentence investigation report] and determining that the convictions under [Texas Penal Code] § 30.02(a) as set forth in ¶ 33 and ¶ 34 were predicate violent felonies under [18 U.S.C. §] 924(e) … was sufficient … in light of the Fifth Circuit's decision in *United States v. Herrera-Montes*, 490 F.3d 390 (5th Cir. 2007).

(Doc. 130 at 3). In *Herrera-Montes*, the Fifth Circuit held that the defendant's conviction of aggravated burglary under a Tennessee statute could not be considered a "crime of violence" for sentence enhancement purposes because the conviction did not require intent to commit a crime at the time of unlawful entry. 490 F.3d at 391-92 (citing *Taylor v. United States*, 495 U.S. 575,

598 (1990) (requiring intent to commit a crime when entering or remaining in a building in order to constitute burglary for purposes of a § 924(e) enhancement)). Here, Moreno seeks the same result regarding his conviction under the Texas burglary statute. The specific documentation to which Moreno objects is his judgment on plea of guilty, which he argues lacks the "indicia of reliability" to satisfy the requirements articulated in *Shepard v. United States*, 544 U.S. 13 (2005). (Doc. 130 at 4). Therefore, Moreno argues, his judgment on plea of guilty "can[not] be used in determining under which disjunctive subsection of § 30.02(a) [he] was convicted," (Doc. 130 at 4); subsection (1), which requires "intent to commit a felony" and thus meets the *Taylor* definition of a predicate violent felony, or subsection (3), which does not.

In *Shepard*, the U.S. Supreme Court limited this inquiry to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 544 U.S. at 26. In this case, the record contains indictments and judgments on plea of guilty, (*see* Doc. 129 at 30-45), which satisfy the *Shepard* requirement, *see, e.g.*, *United States v. Cabrera*, 478 F. App'x 204, 207-09 (5th Cir. 2012) (treating the indictment and judgment on plea of guilty as "*Shepard*-approved" documents), and which describe all four offenses as burglary of a habitation "*with intent to commit theft*," (Doc. 129 at 30-32, 35, 37, 39-41, 43, 45) (emphasis added). The explicit inclusion of this intent element clearly distinguishes this case from *Herrera-Montes* and puts Moreno's convictions squarely within the definition articulated in *Taylor*.

Accordingly, it is hereby

**ORDERED** that Moreno's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 123) is **DENIED** and the Government's Motion to Dismiss (Doc. 126) is

**GRANTED**. The Court adopts the Magistrate Judge's Memorandum and Recommendation in full.

SIGNED at Houston, Texas, this 2nd day of August, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE