Case 4:03-cr-00235   Document 173   Filed in TXSD on 02/16/17   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
February 16, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-03-235 |
| | § | CIVIL ACTION NO. H-15-3237 |
| EULALIO MEDRONO MORENO, | § | |
| | § | |
| Defendant-Movant. | § | |

**OPINION AND ORDER**

Pending before the Court in the above-referenced cause are the following matters: (1) Movant Eulalio Moreno's ("Moreno") § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 145)[1]; (2) United States Magistrate Judge Frances Stacy's Memorandum and Recommendation entered on November 16, 2015 (Doc. 147); (3) the Movant's Response (Doc. 150); (4) the United States' Response to Successive Motion to Vacate, Set Aside or Correct Conviction and Sentence under § 2255 and Motion to Dismiss (Doc. 154); (5) the Magistrate Judge's Amended Memorandum and Recommendation that Movant's § 2255 Motion be dismissed without prejudice for lack of jurisdiction (Doc. 155); (6) Moreno's Motion in Opposition to the Magistrate's Amended Memorandum and Recommendation (Doc. 156); and (7) Moreno's Response in Opposition to the Government's Recently Filed Motion to Dismiss (Doc. 157). After reviewing these materials and the applicable law, the Court dismisses Moreno's § 2255 Motion without prejudice for lack of jurisdiction, transfers the case to the United States Court of Appeals for the Fifth Circuit for a determination of whether Moreno

---

[1] Eulalio Moreno's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-15-3237 and at Document No. 145 in Criminal Action No. H-03-235. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

should be allowed to file the successive motion in the district court, and adopts the Magistrate Judge's Memorandum and Recommendation as its own.

## I.     Background

Moreno, who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C.§ 2255. This is Moreno's second attempt at § 2255 relief.

On June 27, 2003, a grand jury returned an Indictment charging Moreno with possession of counterfeit United States currency in violation of 18 U.S.C. § 472 (Count one), and illegal possession of a firearm by a felon convicted of three or more previous violent felonies in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1) (Count two) (Doc. 1). On April 16, 2004, Moreno pleaded guilty to the Indictment (Doc. 31, Transcript of Rearraignment, Doc. 51), and on August 6, 2004, Moreno was sentenced to a total term of imprisonment of 235 months, to be followed by a total term of supervised release of three years, and a special assessment of $200, and a $3,000 fine (Doc. 40, Transcript of Sentencing, Doc. 65, pp.22–24). Judgment was entered on August 16, 2004 (Doc. 43), and Moreno appealed his conviction and sentence to the Fifth Circuit Court of Appeals. The Fifth Circuit vacated Moreno's sentence and remanded the matter for re-sentencing (Docs. 69, 70). At Moreno's July 21, 2006 re-sentencing, the Court imposed the same sentence, (Doc. 85, Transcript of July 21, 2006, Sentencing Hearing, pp. 7–8) and an amended judgment was entered on August 1, 2006 (Doc. 80). Moreno appealed to the Fifth Circuit Court of Appeals again but, unpersuaded by Moreno's arguments, the Fifth Circuit affirmed Moreno's conviction and sentence on August 23, 2007 (Docs. 89, 90). Moreno did not file a petition for writ of certiorari with the United States Supreme Court.

On August 22, 2008, Moreno filed a § 2255 Motion to Vacate, Set Aside, or Correct

Sentence, in which he complained about ineffective assistance of appellate counsel (Doc. 91). Magistrate Judge Stacy issued a Memorandum and Recommendation (Doc. 129) and, on August 2, 2013, this Court adopted the Memorandum and Recommendation as its own, thereby denying Moreno's § 2255 motion (Doc. 132). On June 30, 2014, this Court denied a Certificate of Appealability (Doc. 140), which Moreno appealed to the Fifth Circuit Court of Appeals. The Fifth Circuit affirmed the denial of Moreno's § 2255 motion on February 23, 2015 (Doc. 143), and the United States Supreme Court denied Moreno's petition for writ of certiorari on June 29, 2015 (Doc. 144).

On November 3, 2015, Moreno filed his second § 2255 Motion (Doc. 145). In his second § 2255 Motion, Moreno complains about an improper enhancement of his sentence pursuant to the Armed Career Criminal Act ("ACCA" or "Act"), and seeks to support his conclusion by directing the Court's attention to two relevant cases: *Descamps v. United States,* 133 S. Ct. 2276 (2013) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id*. Magistrate Judge Stacy, however, found that Moreno's § 2255 motion should be dismissed without prejudice because it is his second § 2255 motion, and Moreno filed the motion without seeking leave to file a successive § 2255 motion from the Fifth Circuit Court Appeal (Doc. 155). The Magistrate Judge further recommended that the case be transferred to the United States Court of Appeals for the Fifth Circuit for a determination of whether Moreno should be allowed to file the successive motion in the District Court. *Id*. Without such prior determination in the affirmative, this Court lacks jurisdiction over the matter. *Id*.

Moreno, in his Motion in Opposition to the Magistrate's Amended Memorandum and Recommendation, complains that the Magistrate, solely on the premise that he has filed a numerically second § 2255 motion, has deemed his instant filing as a second and successive

petition that needs authorization by the Fifth Circuit Court of Appeals in order be heard on the merits once again, without taking into account that "*not every numerically second* habeas petition is a second and successive petition that requires authorization pursuant to 2255(h)." (Doc. 156 at 1–2). Moreno asserts that his habeas petition is cognizable under § 2255(f) because the fact that his sentence exceeds the statutory maximum of his conviction is premised on a mistake of law, which took place at the time of his sentencing, and because he "had no opportunity to present a challenge to that mistake of law until the clarification of the law in *Descamps*." *Id*. at 2. He does not believe the second and successive requirements are applicable because, to characterize his habeas petition as a second and successive petition simply because it is a numerically second petition, without first addressing the waiver of the statute of limitation and the jurisdictional section in his habeas petition, which establishes at least by a *prima facie* standard that the Court has jurisdiction, "would be to systematically deny the petitioner habeas relief" where he fails to meet the second or successive certification requirement as provided in § 2244. *Id*. at 5. Hence, Moreno argues, "the only issue before the court is whether the petitioner meets the requirement to be excused of the statute of limitation codified in the AEDPA." *Id*. at 2.

## II.     Legal Standard

Objections timely filed within fourteen days of entry of the United States magistrate judge's memorandum and recommendation must specifically identify the findings or recommendations for which the party seeks reconsideration. *Byars v. Stephens*, No. 5:13–CV–189–DAE, 2014 WL 1668488, at *2 (Apr. 14, 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)). The court does not have to consider "'frivolous, conclusive, or general objections.'" *Id*. (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Findings by the magistrate judge to which the party specifically objects must be reviewed *de novo* under 28

U.S.C. § 636(b)(1)(C). *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Findings of the magistrate judge to which no specific objections are made require the Court only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *Id*. The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to provide in pertinent part that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In addition, AEDPA further amended 28 U.S.C. § 2244 to provide that:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

### III.   Discussion

The Court finds that the portions of the Magistrate Judge's Memorandum and Recommendation not challenged by Moreno are not clearly erroneous or contrary to law. Therefore the Court addresses *de novo* the objections raised by Moreno.

Because Moreno's present § 2255 motion was filed after a previous § 2255 motion, his current motion is second or successive, and, under 28 U.S.C. § 2244(b)(3)(A), where a § 2255

claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing it with the Court. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Moreno's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion, and notwithstanding his argument that the Court should disregard his previously filed § 2255 motion for a mistake of law, pursuant to 28 U.S.C. § 2244(3)(A), Moreno must first obtain authorization from the Fifth Circuit before this Court has jurisdiction to entertain Moreno's successive § 2255 motion. *See United States v. Orozco-Ramirez,* 211 F.3d 862 (5th Cir. 2000); *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley,* 187 F.3d 680, 681–82 (5th Cir. 1999); *United States v. Rich,* 141 F.3d 550, 554 (5th Cir. 1998), *cert. denied,* 526 U.S. 1011 (1999). Moreno, in fact, filed his second federal habeas motion without first obtaining Fifth Circuit authorization to do so. As a result, until he obtains the Fifth Circuit's approval to file another federal habeas motion, this Court lacks jurisdiction over the instant action. Therefore, it must be dismissed without prejudice and transferred to the United States Court of Appeals for the Fifth Circuit for a determination of whether Moreno should be allowed to file the instant successive § 2255 motion under 28 U.S.C. § 2244(b)(3)(A) and 2255(h), and Moreno's objections fail.

Because the Court lacks jurisdiction over this matter, the petitioner's remaining objections will not be considered.

**IV.    Conclusion**

For the foregoing reasons, the Court adopts the Magistrate Judge's Memorandum and Recommendation as its own, and

**ORDERS** that Moreno's Objections are **OVERRULED**, and

**ORDERS** that Moreno's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc.

145) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, and this case be transferred to the United States Court of Appeals for the Fifth Circuit for a determination of whether Moreno should be allowed to file the instant successive § 2255 motion under 28 U.S.C. § 2244(b)(3)(A) and 2255(h). The Clerk is instructed to transfer Moreno's § 2255 motion to the Fifth Circuit as an unauthorized second or successive motion. *See In re Epps*, 127 F.3d 364, 365 (1997). The Clerk is further instructed to provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).

    SIGNED at Houston, Texas, this 16th day of February, 2017.

                                 MELINDA HARMON
                           UNITED STATES DISTRICT JUDGE